WILLIAM H. BENNETHUM, III, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY and THE HONORABLE ANDREW D. CHRISTIE, sitting as Judge of said Court, Respondent.

(*July* 13, 1959.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*David B. Coxe, Jr.,* for petitioner.

*Clement C. Wood,* Chief Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 25, 1959.

SOUTHERLAND, C. J.:

In the court below the petitioner Bennethum was indicted for violation of the State income tax laws. He moved to dismiss the indictment on the ground that it does not state facts constituting an offense. The court denied the motion.

Bennethum petitions for a writ of prohibition on the ground that the Superior Court had no jurisdiction of the cause.

The indictment in this case charges that on April 30, 1956, William H. Bennethum, III—

#### "Count I

"Being a natural person and a resident of the State of Delaware during the calendar year 1955 and having a gross income in excess of $600.00 during the calendar year 1955, did fail to file an income tax return for said year with the State Tax Department, as required by 30 *Delaware Code,* Section 1168, contrary to 30 *Delaware Code,* Section 1184(c).

#### "Count II

"Being a natural person and a resident of the State of Delaware during the calendar year 1955 and having a gross income in excess of $600.00 during the calendar year 1955, did fail to pay the income tax for which he was liable under the provisions of 30 *Delaware Code,* Chapter 11, contrary to 30 *Delaware Code,* Section 1184(c)."

The sections of the State income tax law here pertinent are the following:

30 *Del. C.* § 1168:

"Returns * * * shall be filed by every taxable * * * on or before the thirtieth day of April in each year, for the preceding year."

30 *Del. C.* § 1184(c):

"If a taxable fails or refuses to make a return or to pay a tax as provided in this chapter, such taxable shall be guilty of fraud and shall be liable to the penalties provided for fraudulent returns."

30 *Del. C.* § 1187(e) (f):

"(e) Any person, or corporation or any officer or employee of any corporation, or any member or employee of any association of persons, syndicate, joint venture or copartnership, who with intent to evade any requirement of this chapter or any lawful requirement of the Tax Department thereunder, fails to pay any tax or to make, sign or verify any return or to supply any information required by or under the provisions of this chapter, or who, with like intent, shall make, render, sign or verify any false or fraudulent return or statement or shall supply any false or fraudulent information, shall be fined not more than $500 or imprisoned not more than 6 months or both. The penalties provided by this paragraph shall be additional to all other penalties in this chapter provided.

"(f) Any taxable who refuses or neglects to make the return required to be made under this chapter within 30 days after the last day for making such return, or who refuses or neglects to pay the tax assessed against such taxable within 30 days after it becomes due, shall be fined not more than $500 or imprisoned not more than 6 months, or both."

The violations of law charged, it will be noted, are violations of § 1184(c). Petitioner argues that (1) this section contemplates only civil penalties and is not intended as a criminal statute; and (2) if it is to be deemed a criminal statute it is unconstitutional as an arbitrary attempt to create a conclusive presumption of fraud.

These contentions call for a construction of the three statutes quoted above—§ 1184(c), § 1187(e) and § 1187(f). They are *in pari materia* and must be construed, if possible, so as to form a consistent pattern. This is a task of some difficulty, for the statutes are poorly drawn, and the exact meaning of § 1184(c) is uncertain.

Postponing until later the consideration of § 1184(c) we note that § 1187(e) deals generally with the subject of evasion of the "requirements" of the Tax Department (*i.e.* of the law and regulations) by (1) failing to pay the tax, (2) failing to make, sign or verify the return, (3) failing to supply information, or (4) making a false return or supplying false information. Any of such acts is a criminal offense, provided that the intent to evade is proved.

What then is the function of § 1184(c)? It deals only with the failure or refusal to make a return or pay the tax—matters sufficiently and more specifically covered by § 1187(e). And what is meant by declaring that one who fails to make a return or pay the tax "is guilty of fraud"? There is no common-law crime of "fraud" as such, and the statute contains no definition.

And how can there be a conclusive presumption of "fraud" from the failure to file a return? We think it quite unreasonable to hold that the statute creates the crime of "fraud" and makes the sole test the failure to file a return or pay the tax. Obviously, one may fail to file a return in order to avoid paying taxes; or one may fail to file it through absence, sickness, oversight or simple neglect.

■ Such a construction would raise a serious constitutional question, for it has been held that the Legislature may not establish by *fiat* an irrebuttable presumption contrary to the facts. *Appeal of Brown*, 4 *Terry* (43 *Del.*) 608, 49 *A.* 2d 618.

■ The conclusion must be that although § 1184(c) is in form a criminal statute, it does not define any crime separate and distinct from the crimes defined in § 1187(e), and no indictment can be founded upon its terms. The greatest effect that could be given to it, we think, is that it might be construed to create a *prima facie* presumption of intent to defraud the State of revenue by failing to make a return or pay a tax, and thus support an indictment under § 1187(e) charging an intent to evade the requirements of the law. In that view § 1187(e) and § 1184(c) could be read together so as to create two kinds of offenses: (1) fraud in the return, and (2) refusal or failure to make the return or pay the tax. Each species of offense would require proof of intent to evade. In the first case the intent must be inferred from the circumstances disclosed; in the second case the intent might be supplied, *prima facie*, by the statutory presumption found in § 1184(c). But whatever construction be given § 1184(c), an indictment must be based on § 1187(e) and an intent to evade the requirements of the law is an essential ingredient of either species of crime.

The Attorney General seeks to sustain the indictment by suggesting that the phrase "shall be guilty of fraud" in § 1184(c) is mere surplusage, and § 1184(c) is to be construed as though it read:

"If a taxable fails * * * to make a return * * *, such taxable shall be liable to the penalties provided for fraudulent returns."

In this view, § 1184(c) creates the distinct offenses of failure to file a return and failure to pay the tax aside from any intent to evade the law; that is to say, it prescribes punishment for delay.

The insuperable difficulty with this contention is that if it is accepted § 1187(f) becomes wholly superfluous—indeed meaningless. That section creates the specific offenses of failing to file a return or to pay the tax "within 30 days" after the return is due or the tax is payable. No intent to defraud or other specific intent is required to constitute either offense. It is obvious that if the State cannot prove fraud or intent to evade it may proceed criminally against a defaulting taxable under § 1187(f). But in that case the taxable has a grace period of 30 days. Under the State's construction of § 1184(c) a taxable who is a day late in filing his return may be immediately indicted and prosecuted under § 1184(c). The grace period provided by § 1187(f) then becomes meaningless. Such an unreasonable construction must be rejected.

It follows that the indictment before us is defective because it fails to include a charge of intent to evade, as specified in § 1187(e), and should have been quashed.

It is true that the construction we have adopted does not make the pattern of the statutes wholly consistent. Thus, as noticed by the court below, the same penalty is prescribed for an offense under § 1187(f), involving no fraud, as is prescribed for offenses under § 1187(e), involving fraud or intent to evade the requirements of the law. But this is an unavoidable consequence of any construction.

There remains the question whether the writ of prohibition should issue. The petition charges, as it must, that the court below was without jurisdiction of the cause. Our conclusion is, as above stated, that the indictment is defective. Should we therefore dismiss the petition? We think not. On the face of the petition we had jurisdiction to entertain it. And the result of dismissal would be to allow the prosecution to continue, and thus possibly lead to a futile waste of time. Moreover no new indictment could be found, since more than two years have

elapsed and the indictment is required to specify a date within the two-year period. The writ will therefore issue.

One other point must be noticed. Reindictment of the petitioner, a member of the bar, will be prevented by the statute of limitations. But this does not alter the fact that a member of the bar of this Court has been charged with an unexplained failure to discharge his duty as a citizen. The failure, or refusal, by a member of the bar to perform those duties may well be such a breach of the standards of professional ethics as to require disciplinary action by this Court, irrespective of the failure of a prosecution for the charged violation of the law.

Prior to the finding of the indictment in this case, the Court had instructed its Censor Committee to investigate publicly known alleged income tax irregularities by certain members of the bar, and to report to the Court with respect to the possibility that such irregularities might require disciplinary action against lawyers involved. Subsequently, the petitioner was indicted and, under instructions from this Court, the Censor Committee deferred its report to this Court pending the disposition of the indictment against the petitioner. This action was taken by us to avoid any suggestion of prejudice for or against the petitioner in his trial on the indictment. Since the issuance of the writ in this case now finally disposes of the criminal charge against the petitioner, there is no reason for further deferring the Censor Committee's investigation and report.

The Censor Committee will, therefore, be forthwith instructed to proceed with its investigation and to report its findings concerning the petitioner's conduct to this Court for such action as may be appropriate.