### STATE v. VAN RAYMOND SMOTHERS.

### STATE v. JOSEPH DONLON.

(*April* 20, 1960.)

TERRY, P. J., sitting.

*Max S. Bell, Jr.,* Deputy Attorney-General, for the State.

*William E. Taylor, Jr.,* for Defendant, Van Raymond Smothers.

*Robert C. O'Hora* for Defendant, Joseph Donlon.

Superior Court for New Castle County, Nos. 109-112, Cr. A., 1959; Nos. 113-116, Cr. A., 1959.

TERRY, P. J.:

The defendants, Smothers and Donlon, have been indicted by the Grand Jury with having violated the provisions of the

Delaware Income Tax Law, Title 30, *Del. C.*, Chapter 11, §§ 1187(e) and 1187(f).

There are four indictments in respect to each defendant. Two of the indictments as to each defendant cover violations pertaining to §§ 1187(e) and 1187(f) for the tax year 1956, and the other two cover violations of the same sections for the tax year 1957.

The indictments under § 1187(e) charge the respective defendants in two counts, in that (1) with intent to evade, they failed to file their respective tax returns, and (2) with intent to evade, they failed to pay their respective taxes, by the 30th of April next following the particular tax year.

The indictments under § 1187(f) are also in two counts and charge the defendants with (1) a neglect to file their respective returns, and (2) a refusal to file their respective returns, by the 30th of May next following the particular tax year.

Each defendant filed an affidavit in support of a previous motion to dismiss the indictments wherein they have admitted, either directly or by fair inference, that they were Delaware residents during the tax years in question; that during those years each had annual incomes in excess of six hundred dollars; that each had filed a Federal Income Tax Return and paid the appropriate tax for the respective years, but that they had individually received professional advice[1] to the effect that they were not required to file a Delaware Income Tax Return or pay a Delaware income tax and that pursuant to this advice, and in reliance thereon, they did not file their respective Delaware Income Tax Returns or pay the Delaware tax on their incomes for the tax years in question. They further say, that had the

---

[1]Smothers was advised by his attorney and his accountant. Donlon was advised by his accountant.

professional advice been to the contrary effect, then they would have filed and paid pursuant to the Delaware Tax Statutes.

They also maintain that the professional advice in question was predicated upon the proposition that should they have filled out their respective tax returns they would have had to answer certain questions about the source of their respective incomes, which answers would have revealed that they were engaged in a business enterprise which was illegal under the laws of this State. They were advised that such answers would have been self-incriminatory, and, hence, not required of either of them under the provisions of Article 1, § 7, of the Delaware Constitution, *Del. C. Ann.* They say that in order to avoid making these allegedly self-incriminatory statements they of necessity had to abstain from filing their respective tax returns, and, as a logical consequence, they could not pay the tax.

It was on the basis of these facts, as set forth in their respective affidavits, that the defendants filed their previous motions to dismiss the indictments. In those motions they advanced two contentions. They first urged that the facts embodied in their affidavits clearly demonstrated that it would be impossible for the State to prove beyond a reasonable doubt that they as individuals had wilfully failed to file their respective tax returns or pay their respective taxes with an intention of defrauding the State. They claimed that their affidavits set forth facts which were not subject to refutation or impeachment, and, therefore, the disposition of the charges against them was purely a question of law.

Their second contention was to the effect that the requirement of the State Income Tax Law making it mandatory that they file a tax return, when by so filing they would of necessity have to reveal that the source of their respective incomes was an occupation made illegal by the statutes of this State, could not apply to them, because were it so to apply it would violate their individual privileges against self-incrimination under both the

Federal and State Constitutions. Thus, each defendant concluded that he could not be legally convicted for the violations charged.

On October 16, 1959, I ruled on the identical motions of each defendant in a letter opinion. I denied and dismissed their motions on the basis of the holding in *United States v. Sullivan*, 274 *U. S.* 259, 47 *S. Ct.* 607, 71 *L. Ed.* 1037, 51 *A. L. R.* 1020. I also observed at that time "that while counsel's advice not to file and pay is not a determination of the question, yet such advice given by reputable and able counsel, such as in this case, would present a factual question for the Judge and Jury at the time of trial concerning the question of the defendant's delinquencies in not conforming with the statute." An order was accordingly entered, and, of course, those motions are not before me in this instance.

Concerning the issues now before me, counsel for both defendants have joined together and filed identical motions to dismiss the several indictments. They have also collaborated on their briefs. The State has filed a single brief in answer to the separate motions and I will consider both as one for the purposes of this opinion.

The defendants have moved to dismiss the indictments charging violations of 30 *Del. C.* § 1187(e), on the grounds that:

"1. The indictments fail to charge a crime under the laws of the State of Delaware as required by the Supreme Court of the State of Delaware in *Bennethum v. Superior Court*, 153 *A.* 2d 200.

"2. Count II of each indictment fails to allege that any tax required to be paid by defendant taxpayer(s) had been 'assessed' against * * * (them) as required by Title 30, § 1187 (e), *Del. C.* 1953."

The second ground was neither briefed nor argued and is presumed by me to have been abandoned. In any event it is wholly without merit.

▮ The defendants have moved to dismiss the indictments charging violations of 30 *Del. C.* § 1187(f), setting forth as their basis for such motions that:

"1. The indictments fail to charge a crime under the laws of the State of Delaware.

"2. The indictments fail to charge a crime under the laws of the State of Delaware in that the section of the Delaware Statute, Title 30 § 1187(f), does not effectively and legally create a criminal offense but merely arbitrarily and capriciously attempts to convert failure to perform a civil obligation into a criminal offense and imposes the same criminal penalty as Title 30, § 1187(e), which involves a clear criminal intent in the alleged default of a taxpayer."

Under my view of this case there are only two questions to be determined:

1. Do the indictments under 30 *Del. C.* § 1187(e), sufficiently charge the defendants with the commission of crimes, or is there something in *Bennethum v. Superior Court*, 2 *Storey* 92, 153 *A.* 2d 200, which would require me to rule that the indictments are faulty?

2. Do the indictments under 30 *Del. C.* § 1187(f), properly charge the defendants with the commission of crimes, or is § 1187(f) constitutionally incapable of creating a crime by its failure to specify the requirement of intent. Stated somewhat differently, may a violation of the requirement referred to in § 1187(f) be properly charged as a crime even though no intent is alleged and none is capable of being proved? Or, does this crime of omission require the allegation and proof of the element of intent?

The applicable sections of the Delaware Income Tax Law are as follows:

30 *Del. C.* § 1187(e): "Any person * * * who with intent to evade any requirement of this chapter or any lawful require-

ment of the Tax Department thereunder, fails to pay any tax or to make, sign or verify any return or to supply any information required by or under the provisions of this chapter, * * * shall be fined * * *. The penalties provided by this paragraph shall be additional to all other penalties in this chapter provided."

30 *Del. C.* § 1187(f) : "Any taxable who refuses or neglects to make the return required to be made under this chapter within 30 days after the last day for making such return, or who refuses or neglects to pay the tax assessed against such taxable within 30 days after it becomes due, shall be fined * * *."

I shall consider first § 1187(e) and whatever effect the *Bennethum* decision by the Supreme Court, supra, may have thereon.

Bennethum was charged in a two-count indictment, (1) with having failed to file his 1955 income tax return, and (2) with having failed to pay his 1955 income tax "contrary to 30 *Delaware Code*, Section 1184(c)." [153 *A.* 2d 201.] In his indictment there was no mention of either § 1187(e) or § 1187(f).

30 *Del. C.* § 1184(c), provides that:
"If a taxable fails or refuses to make a return or to pay a tax as provided in this chapter, such taxable shall be guilty of fraud and shall be liable to the penalties provided for fraudulent returns."

Bennethum made a motion in this Court to dismiss the indictment on the grounds that said indictment did not state facts sufficient to constitute a crime in that, (1) the section contemplated only civil penalties and was not intended as a criminal statute, and (2) if it were to be deemed a criminal statute it would be unconstitutional as an arbitrary attempt to create a conclusive presumption of fraud.

It is clear that the defendants in the present case have virtually paraphrased these arguments to support their contentions

respecting the various indictments against them under §§ 1187 (e) and 1187(f). Whatever may have been the effect of these arguments against § 1184(c) in the *Bennethum* case, they have no merit when employed against §§ 1187(e) and 1187(f).

The Judge denied Bennethum's motion, thus compelling him to take a writ of prohibition to the Supreme Court on the ground that this Court had no jurisdiction of the cause.

In analyzing § 1184(c) the Supreme Court found it to be a poorly drawn provision, the exact meaning of which was uncertain. It was found to deal "only with the failure or refusal to make a return or pay the tax—matters sufficiently and more specifically covered by § 1187(e)."

The Supreme Court apparently was concerned by the attempt through § 1184(c) to create "a conclusive presumption of 'fraud' from the failure to file a return." The Court felt that it was "quite unreasonable to hold that the statute creates the crime of 'fraud' and makes the sole test the failure to file a return or to pay the tax." Such a conclusion was found to be in conflict with the holding in *Appeal of Brown*, 4 *Terry* 608, 43 *A.* 2d 618. Since the Court analyzed § 1184(c) in conjunction with § 1187(e) as well as with § 1187(f) they reached the following conclusions having a bearing on § 1187(e) :

"The conclusion must be that although § 1184(c) is in form a criminal statute, it does not define any crime separate and distinct from the crimes defined in § 1187(e), and no indictment can be founded upon its terms. The greatest effect that could be given to it, we think, is that it might be construed to create a *prima facie* presumption of intent to defraud the State of revenue * * * and thus support an indictment under § 1187 (e) charging an intent to evade the requirements of the law. * * * But whatever construction be given to § 1184(c), an indictment must be based on § 1187(e) and an intent to evade the requirements of the law is an essential ingredient * * *.

\* \* \* \* \* \*

"It follows that the indictment before us is defective because it fails to include a charge of intent to evade, as specified in § 1187(e), and should have been quashed."

Each indictment in the present case charges a violation of § 1187(e) and in each instance the defendant is charged with an "intent to evade." In *Bennethum, supra,* it was the failure to charge "intent to evade" under § 1187(e) which was found to be the fatal defect. Here that defect does not exist.

The Supreme Court in *Bennethum* found no fault with § 1187(e). Indeed, it held that the indictment there was defective because § 1187(e) was not utilized. In the present cases the State has profited by a previous omission and has left no gap.

The defendants' conclusions in respect to *Bennethum* is that an indictment to be valid must charge a violation of both § 1184(c) and § 1187(e), and that an indictment charging merely the violation of either would be defective. This is a *non-sequitur.* In attempting to find some use for the "poorly drawn" § 1184(c) the Supreme Court merely thought that it "might be construed to create a *prima facie* presumption of intent * * * and thus support an indictment under § 1187(e) charging an intent to evade * * *."

The most that can be said of this language is that § 1184(c) has become a possible tool for the State to employ in order to give rise to a *prima facie* presumption of the element of intent as required in § 1187(e). The State is not required to utilize this device of a legal presumption and, certainly, if it felt itself possessed of sufficient positive evidence, it would have no need for the presumptive device thus provided. Section 1184(c) is merely a supplementary means of bolstering indictments under § 1187(e), and in and of itself it has no significance.

Defendants, in their brief, expend considerable effort attempting to demonstrate why these indictments under § 1187(e) give rise to a conclusive presumption of fraud, and in the alter-

native they talk of rebuttable presumptions and *prima facie* presumptions. Their argument may have merit in other cases, or it may have validity at a later stage of this case, but at this time it is immaterial. Had the State sought to employ the permissive tool of *prima facie* presumption of intent as provided in § 1184 (c), per *Bennethum*, then the presumption issue might well be in the case, but defendants' argument still could not prevail, for the State would have been employing a legally sanctioned presumption as defined in *Bennethum*. As it stands, the State has properly founded its indictments on § 1187(e) charging therein an "intent to evade." The indictments are valid.

At trial the State has the burden of coming forward and demonstrating the element of intent by competent evidence. If at trial the State attempts to rely on some form of presumption then that will be the proper time to consider the propriety of such a course of action.

This leaves me only with the question as to whether or not the indictments under § 1187(f) should be sustained.

The Supreme Court, in the *Bennethum* case, also considered the effect of § 1187(f) when they construed § 1184(c). The State had urged that § 1184(c) should be construed as though it read:

"If a taxable fails * * * to make a return * * *, such taxable (omitting: 'shall be guilty of fraud and') shall be liable to the penalties provided for fraudulent returns."

The Court could not accept this construction for:

"The insuperable difficulty with this contention is that if it is accepted § 1187(f) becomes wholly superfluous—indeed meaningless. That section creates the specific offenses of failing to file a return or to pay the tax 'within 30 days' after the return is due or the tax is payable. No intent to defraud or other specific intent is required to constitute either offense. It is obvious that if the State cannot prove fraud or intent to evade it may proceed criminally against a defaulting taxable under § 1187(f). But in that case the taxable has a grace period of 30 days. Under the

State's construction of § 1184(c) a taxable who is a day late in filing his return may be immediately indicted and prosecuted under § 1184(c). The grace period provided by § 1187(f) then becomes meaningless. Such an unreasonable construction must be rejected."

From this langauge, it is beyond question that the Supreme Court has found no fault with § 1187(f). The failure of § 1187(f) to require the element of intent is immaterial. If fraud or intent to evade cannot be proved the State may proceed criminally under § 1187(f).

The defendants have also urged in opposition to § 1187(f) that it "imposes the same criminal penalty as * * * § 1187(e) which involves a clear criminal intent * * *." Of this contention the Supreme Court in *Bennethum* stated:

"Thus, as noticed by the court below, the same penalty is prescribed for an offense under § 1187(f), involving no fraud, as is prescribed for offenses under § 1187(e), involving fraud or intent to evade the requirements of the law. But this is an unavoidable consequence of any construction."

Therefore, it seems quite clear that the Supreme Court has analyzed § 1187(f), observed all of the elements thereof found to be objectionable by defendants, and still has seen fit to grant its approval. For this reason I conclude the indictments under § 1187(f) to be valid and, therefore, I see no reason to attempt to develop a justification of the section as a crime of omission of the "public welfare" type wherein it becomes permissible for the Legislature to dispense with the element of intent. See *Morissette v. United States*, 342 U. S. 246, 72 S. Ct. 240, 96 L. Ed. 288, for an extended analysis of such crimes and the modern trend towards them.

The indictments are valid. The respective motions to dismiss them are denied.

An order will be signed upon motion.