In the Matter of a Member of the Bar of the Supreme Court of Delaware Philip M. FINESTRAUSS, Respondent.

No. 517, 2011.

Supreme Court of Delaware.

Submitted: Nov. 18, 2011.
Decided: Dec. 9, 2011.

Frederick W. Iobst, Esquire, Chief Disciplinary Counsel, Wilmington, Delaware.

Charles Slanina, Esquire, Finger & Slanina, LLC, Hockessin, Delaware, for Philip M. Finestrauss.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

PER CURIAM:

This is a disciplinary proceeding instituted by a Petition for Discipline filed on June 1, 2011 (the "Petition") by the Office of Disciplinary Counsel ("ODC") against Philip M. Finestrauss (the "Respondent"). The Board issued its original report on September 23, 2011. On October 25, 2011, the Court remanded this matter for clarification. The report with the requested clarification is attached to this opinion and incorporated herein by reference. The Respondent and ODC both stated that they had no objections to the Board's clarified report.

The Petition asserted that the Respondent violated the Delaware Lawyers' Rules of Professional Conduct (the "Rules"), specifically "Rule 1.15(b) (one count), Rule 5.3 (one count), Rule 8.4(c) (one count), and Rule 8.4(d) (two counts)." The Respondent filed his Answer to Petition for Discipline admitting that he engaged in professional misconduct in violation of Rule 1.15(b), Rule 5.3, Rule 8.4(c), and one count of Rule 8.4(d). The Board found that the Respondent also violated Rule 8.4(d) as alleged in a separate count of the Petition.

The Respondent was admitted to the Delaware Bar in December 1990, originally working as an associate in a prominent Wilmington firm. In 1992, he left that firm to open his own firm as a sole practitioner. The Respondent's practice focuses mainly on criminal defense and plaintiff's personal injury law. His staff consists of a paralegal and a bookkeeper, the latter position being held by his wife.

At all relevant times, the Respondent was responsible for the maintenance of his law firm's books and records. In 2009 and 2010, the Respondent failed to file and/or pay on a timely basis various federal payroll tax obligations. In 2010, the Respondent failed to file and/or pay on a timely basis various state payroll tax obligations. In 2008 and 2010, Respondent failed to file and/or pay on a timely basis various local payroll tax obligations. During the relevant period, the Respondent's wife was responsible, in her bookkeeping function, for actually filing and paying payroll taxes.

On March 3, 2009, the Respondent filed his 2009 Certificate of Compliance with the Delaware Supreme Court, which misrepresented that all federal, state and local payroll taxes required to be filed had been filed and paid on a timely basis. The Respondent's Certificate of Compliance for 2010, filed on March 1, 2010, likewise misrepresented that all federal, state and local payroll taxes required to be filed had been filed and paid on a timely basis.

This is not the Respondent's first disciplinary proceeding relating to delinquent tax payments. In 2001, the Respondent was given a private admonition by the Preliminary Review Committee for delinquent tax payments in 2000–2001.

This Court has carefully considered the Board's original and clarified report. We have independently determined that the sanctions recommended by the Board are appropriate. Therefore, we hold that the sanction of a public reprimand and an eighteen-month probation be imposed along with the condition that the Respondent implement, to the satisfaction of the ODC, internal accounting controls to assure there is not another instance of tax delinquencies.

The Opinion shall be disseminated by Disciplinary Counsel in accordance with the Rules of the Board on Professional Responsibility.

## ATTACHMENT

### BOARD ON PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF THE STATE OF DELAWARE

**In the Matter of a Member of the Bar of the Supreme Court of Delaware:**

**PHILIP M. FINESTRAUSS, Respondent.**

### CONFIDENTIAL

**Board Case No. 2011–0008–B**

*REPORT OF THE BOARD ON PROFESSIONAL RESPONSIBILITY AFTER REMAND FOR CLARIFICATION*

This is a disciplinary proceeding instituted by a Petition for Discipline filed on June 1, 2011 (the "Petition") by the Office of Disciplinary Counsel ("ODC") against Philip M. Finestrauss ("Respondent"). A hearing was held on July 13, 2011 in the Supreme Court Hearing Room, 11th Floor, Carvel State Office Building, 820 North French Street, Wilmington, Delaware (the "Hearing"). The Panel issued its original report on September 23, 2011. On October 25, 2011, the Court remanded the report for clarification. This is the report with the requested clarification.

The members of the panel for the Board (the "Panel") were David N. Rutt, Esquire, Betsy Adams Holden, and Wayne J. Carey, Esquire as Chair. Patricia Bartley Schwartz, Esquire represented the ODC.

Charles Slanina, Esquire represented Petitioner.

## I. *PROCEDURAL HISTORY*

The ODC filed the Petition asserting, as set forth in more detail below, that the Respondent violated the Delaware Lawyers' Rules of Professional Conduct (the "Rules"), specifically "Rule 1.15(b) (one count), Rule 5.3 (one count), Rule 8.4(c) (one count), and Rule 8.4(d) (two counts)."

The Respondent filed his Answer to Petition for Discipline on June 15, 2011, admitting that he engaged in professional misconduct in violation of Rule 1.15(b), Rule 5.3, Rule 8.4(c) and one count of Rule 8.4(d). He denied Count Four of the Petition that alleges violation of Rule 8.4(d) for failing to pay timely his law firm's federal, state and local tax obligations. Finestrauss argues that Rule 8.4(d) has no application to that conduct.

## II. *FACTUAL BACKGROUND* [1]

Respondent was admitted to the Delaware Bar in December 1990, originally working as an associate in a prominent Wilmington firm. In 1992, he left that firm to open his own firm as a sole practitioner. Finestrauss' practice focuses mainly on criminal defense and plaintiff's personal injury law.[2] His staff consists of a paralegal and a bookkeeper, the latter position being held by his wife.[3]

At all relevant times, Respondent was responsible for the maintenance of his law firm's books and records. In 2009 and 2010, Respondent failed to file and/or pay on a timely basis various federal payroll tax obligations. In 2010, Respondent failed to file and/or pay on a timely basis

---

1. Except where otherwise noted by reference to the transcript (Tr.), the facts as recited herein are taken from the Petition, which facts are admitted by the Respondent.

2. Tr. 17.

3. Tr. 18.

various state payroll tax obligations. In 2008 and 2010, Respondent failed to file and/or pay on a timely basis various local payroll tax obligations. During the relevant period, Respondent's wife, Andrea Finestrauss, was responsible, in her bookkeeping function, for actually filing and paying payroll taxes.

On March 3, 2009, Respondent filed his 2009 Certificate of Compliance with the Delaware Supreme Court, which misrepresented that all federal, state and local payroll taxes had been filed and paid on a timely basis for 2009.[4] Respondent's Certificate of Compliance for 2010, filed on March 1, 2010, likewise misrepresented that all federal, state and local payroll taxes had been filed and paid on a timely basis for 2010.[5]

This is not Respondent's first disciplinary proceeding relating to delinquent tax payments. In 2001, Respondent was given a private admonition by the Preliminary Review Committee for delinquent tax payments in 2000–2001.[6]

Respondent testified to several factors in his life in the 2008–2009 period that contributed to his present difficulties. First, the downturn in the economy led to a decrease in revenues in his law practice by 25–30 percent.[7] Second, Respondent had employed a paralegal who did not properly attend to case management, causing a drop off in client confidence and a reduction of revenues.[8] Third, Respondent's father passed away in the summer of 2008.[9] Caring for his father prior to his death, and his father's affairs subsequent to his death, required Respondent to be away from his practice for extending periods of time.[10] In addition, the financial burden of moving his mother out of her marital house after his father died fell largely on Respondent.[11] In 2009, Respondent's father-in-law fell ill and nearly died.[12] Finally, Finestrauss also faced financial pressure in connection with certain other family matters.[13]

Respondent met with his wife to go over the firm's financial status. Aware of his obligations to pay his firm's tax obligations, and mindful of his prior private admonition for tax delinquencies, they agreed that the tax obligations had to be the priority.[14] However, Finestrauss failed to follow up to make sure his wife/bookkeeper actually filed and paid the taxes.[15] When it came time to file his Certificates of Compliance, Respondent just assumed that Andrea had paid the taxes as they had previously agreed.[16] By well before the time of the hearing, all delinquent taxes had been paid.[17]

### III. THE PROFESSIONAL MISCONDUCT AS ALLEGED IN THE PETITION

Count One of the Petition alleges that Respondent violated Rule 1.15(b) by "fail-

4. Tr. ODC Exhibit 1.

5. Tr. ODC Exhibit 2.

6. Tr. ODC Exhibit 3.

7. Tr. 19, 23.

8. Tr. 19–20.

9. TR. 19.

10. Tr. 20–21.

11. Tr. 24.

12. Tr. 24.

13. Tr. 24.

14. Tr. 22.

15. Tr. 22.

16. Tr. 25.

17. Tr. 36–37.

ing to pay various law practice payroll taxes due to federal, state or local tax authorities for tax periods in 2008, 2009 and 2010". Rule 1.15(b) provides, "a lawyer shall promptly deliver to the client or a third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property." Respondent admits the alleged violation of Rule 1.15(b).

Count Two charges that Respondent violated Rule 5.3 by failing to supervise his bookkeeper's conduct in filing and/or payment of law firm payroll taxes. Rule 5.3 "states that in employing non-lawyer assistants, 'a partner in a law firm shall make reasonable efforts to ensure that the firm has … measures giving reasonable assurance that the person's conduct is compatible with professional obligations of the lawyer; a lawyer having direct supervisory authority over a non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and a lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by the lawyer if the lawyer … ratifies the conduct; or if the lawyer is a partner in the law … or has direct supervisory authority over the person and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.'" The Respondent admits violating Rule 5.3.

Count Three asserts that Respondent engaged in conduct violating Rule 8.4(c) by filing his "Supreme Court Certificates of Compliance in 2009 and 2010, each of which contained misrepresentations to the Court relating to Respondent's tax obligations." Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving … misrepresentation." The Respondent admits he violated Rule 8.4(c).

Count Four claims that Respondent engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d). Rule 8.4(d) provides that it is professional misconduct for lawyers to "engage in conduct that is prejudicial to the administration of justice." The Petition alleges that Respondent violated Rule 8.4(d) by failing to timely pay his law practice's tax obligations due to federal, state and local tax authorities. Respondent denies this allegation, claiming that Rule 8.4(d) is not applicable to his delinquent tax payments.

Count Five alleges a second violation of Rule 8.4(d) asserting that Respondent engaged in conduct prejudicial to the administration of justice by filing false Certificates of Compliance with the Delaware Supreme Court. Respondent admits this violation of Rule 8.4(d).

## IV. STANDARD OF PROOF

■ Allegations of professional misconduct must be proven by the ODC by clear and convincing evidence.[18] This burden is satisfied as to Counts One, Two, Three and Five where, as here, the counts are admitted. As to Count Four, we must make our own findings as to whether the ODC met its burden if Rule 8.4(d) is indeed applicable to tax delinquencies.

## V. DISCUSSION AND ANALYSIS
### A. Jurisdiction

■ The Delaware Supreme Court possesses "inherent power and authority over the regulation of the legal profession," and

---

18. Delaware Rules of Disciplinary Procedure 15(c)-(d).

has the responsibility to "maintain appropriate standards of professional conduct for all lawyers subject to its jurisdiction."[19] Accordingly, any lawyer practicing law in Delaware is subject to the disciplinary authority of the Delaware Supreme Court.[20] The Court, in exercising its regulatory power, has appointed the members of the Board to conduct hearings and to make factual findings and recommendations regarding the appropriate disposition of disciplinary matters.[21]

## B. *Analysis*

Since four of the five claims are admitted, the only analysis we need undertake is whether Respondent is guilty of violating Rule 8.4(d), engaging in "conduct that is prejudicial to the administration of justice," by being delinquent in payment of his law practice's tax obligations to the federal, state and local tax authorities. As noted, Respondent claims the foregoing conduct is not prejudicial to the administration of justice, and therefore, Rule 8.4(d) is not applicable to tax delinquencies.

ODC disagrees, citing several cases in which it claims that tax delinquencies were found to violate Rule 8.4(d). Those cases are:

1. *In re Jeffrey K. Martin.*[22] Martin was found to have been delinquent in payment of his tax obligations, but he was also delinquent in reconciling his operating and trust accounts. Further, he had made no entries for the client subsidiary account.

Martin admitted to violating Rules 1.15(b) and 5.3 in connection with his tax delinquencies, Rule 1.15(d) for failing to properly maintain his law practice's books and records and Rule 8.4(c) for misrepresenting the status of his books and records in his Certificates of Compliance. Martin also admitted violating 8.4(d) in connection with his tax delinquencies, while Finestrauss denies such a violation. Because of Martin's admission of the Rule 8.4(d) violation, no analysis of that Rule in connection with tax obligations was undertaken or necessary.

2. *In re Andrew J. Witherell.*[23] Witherell was found to have been delinquent in his tax payments and filings for 2006 and 2007. In addition, an audit revealed several deficiencies in his books and records. Respondent admitted violations of Rule 1.15(d) for failing to maintain proper books and records, two counts under Rule 8.4(c) for filing false Certificates of Compliance and two counts under Rule 8.4(d) for filing false Certificates of Compliance. As in *Martin*, Witherell also admitted to violating Rule 8.4(d) for his tax delinquencies. Because Witherell admitted to all counts, the only analysis the Board undertook was with respect to sanctions.

3. *In re Bonnie M. Benson.*[24] Benson admitted violations of five rules—Rule 1.15(b) for delinquencies in paying federal and state payroll taxes; Rule 1.15(d) for failing to properly maintain her law practice books and records, two counts of Rule 8.4(d) by filing false Certificates of Compli-

---

19. *In re McCann*, 894 A.2d 1087, 1088 (Del. 2005); *In re Shamers*, 873 A.2d 1089, 1096 (Del.2005); Rules of Disciplinary Procedure 1(a)

20. *In re Tonwe*, 929 A.2d 774 (Del.2007); Rules of Disciplinary Procedure 5(a).

21. *See* Rules of Disciplinary Procedure 1 and 2; Del.Supr. Ct. Rule 62.

22. Del.Supr. ORDER, Case No. 61, 2011, 2011 WL 2473325 (June 22, 2011), Steele, C.J.

23. Del.Supr. ORDER, Case No. 154, 2010, 2010 WL 2623704 (June 30, 2010), Jacobs, J.

24. 774 A.2d 258 (Del.2001).

ance, and one count of Rule 8.4(d) for the tax delinquencies—again, an admission of a violation of Rule 8.4(d) without any analytical finding of that violation.

4. *In re Suzanne Macpherson–Johnson.*[25] Respondent admitted through stipulation to violating Rules 1.15(b), 1.15(d), 8.4(c) and 8.4(d) in connection with tax delinquencies, books and records violations and false Certificates of Compliance.

As counsel for Finestrauss is quick to point out, no case cited by ODC involved a disputed claim under Rule 8.4(d).[26] This lack of analysis renders those cases unhelpful to our consideration of the issue.

Respondent argues that application of Rule 8.4(d) to the present circumstances would be tantamount to saying that there is conduct prejudicial to the administration of justice whenever a lawyer is before the Court or the Court has to spend any time dealing with a lawyer's conduct.[27] According to Respondent, Rule 8.4(d) is a make weight argument.[28] "If you are charged with something, anything, then you are also guilty of conduct prejudicial to the administration of justice just because you are charged with something,"[29] Respondent asserts. Respondent relies on three cases from other jurisdictions: *Stark Ligon v. Clouette,*[30] *In Re Karl W. Carter, Jr.*[31] and *Disciplinary Counsel v. Doellman.*[32]

However, we need not consider any out of state authorities because Delaware does have case law specifically on point, namely *In re Mekler.*[33] Interestingly, neither the ODC nor Respondent cited us to this key reported decision dealing with Rule 8.4(d) in the context of tax delinquencies, discovered after only a short Westlaw search.

The Court in *Mekler* expounded on the applicability of tax delinquencies and Rule 8.4(d), pointing out that Interpretive Guideline No 3 to Rule 8.4 explains that Rule 8.4(d) is applicable for "(1) Willful failure to make and file federal, state, or city income tax returns or estimated income tax returns or to pay such estimated taxes, or to supply information in connection therewith at the time or times required by law or regulation; (2) willful attempt in any manner to evade any federal, state, or city income tax."[34] The Court in *Mekler* also cited to three other cases in which it held tax delinquencies violated Rule 8.4(d): *In re Tos,*[35] *In re Sandbach*[36] and *In re Sanders.*[37]

Mekler claimed that he was not guilty of willful failure to pay his tax obligations because he suffered severe financial and medical problems. The Court was sympathetic to Mekler's plight, but unpersuaded that his conduct was not willful. "The duration of his failure to pay taxes distinguishes this matter from a situation where

25. Case No. 254, 2001, 2001 WL 760866 ORDER (June 14, 2001), Walsh, J.

26. Tr. 58.

27. Tr. 58.

28. Tr. 58.

29. *Id.* at 59.

30. 2011 Ark. 68, —— S.W.3d —— (Ark. Supr.2011).

31. 11 A.3d 1219 (D.C.App. 2011).

32. 127 Ohio St.3d 411, 940 N.E.2d 928 (2010).

33. 689 A.2d 1171 (Del.1996).

34. 689 A.2d at 1173. We see no distinction under Rule 8.4(d) between income taxes delinquencies as in *Mekler* and payroll tax delinquencies as in the present case.

35. 610 A.2d 1370 (Del.1992).

36. 546 A.2d 345 (Del.1988).

37. 498 A.2d 148 (Del.1985).

unexpected events might justify a temporary delay in payment or where taxes are paid in accordance with a payment schedule agreed to by the taxing authorities." [38] The Court acknowledged that not every delay in paying taxes violated Rule 8.4(d), but where the delay is of any substance, that Rule is violated.[39]

Finestrauss' claim that Rule 8.4(d) does not apply to his tax delinquencies is not supported by the holding in *Mekler* and the cases cited therein. His delinquencies were of substance, not temporary delays, covering periods from 2008–2010. As in *Mekler*, Respondent's three-year duration, his failure to properly supervise his bookkeeper and his failure to follow up to make sure the tax obligations were met on a timely basis, satisfy the willful requirement of Rule 8.4(d), his personal problems notwithstanding.

In connection with Rule 1.15, the Supreme Court held that willful or knowing misconduct results from " 'sustained and systematic failure' " to comply with a requirement or obligation.[40] Respondent is guilty of a sustained and systematic failure of not satisfying his firm's tax obligations. That failure must therefore be found to be willful in violation of Rule 8.4(d).

## VI. SANCTIONS

### A. Objectives and Standards for Imposing Sanctions

"The objectives of the lawyer disciplinary system are to protect the public, to protect the administration of justice, to preserve confidence in the legal profession, and to deter other lawyers from similar misconduct." *In re McCann,*[41] *In re Fountain,*[42] *In re Doughty.*[43] It is the duty of the Board to recommend a sanction that will promote those objectives.

In determining the appropriate sanction for lawyer misconduct, the Delaware Supreme Court follows the ABA Standards for Imposing Lawyer Sanctions (The ABA Standards):

> The ABA framework consists of four key factors to be considered by the Court: (a) the ethical duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and, (d) aggravating and mitigating factors.[44]

### B. Respondent's Misconduct

Respondent's misconduct was federal, state and local tax delinquencies covering a three year period from 2008–2010.

#### 1. The Lawyer's Mental State

There was no testimony to suggest that Respondent suffered from any impairment of his mental state that would prevent him from meeting his obligations under the Rules. Respondent did testify that during the period after his father's passing, his personal physician prescribed anti-anxiety medication.[45] However, Respondent knew of his tax obligations, met with his wife/bookkeeper to discuss those tax obligations, but never properly followed up to make sure those taxes were paid timely.

---

**38.** 689 A.2d at 1174.

**39.** *Id.*

**40.** *In re Bailey,* 821 A.2d 851, 864 (Del.2003).

**41.** 894 A.2d at 1088.

**42.** 878 A.2d 1167, 1173 (Del.2005) (quoting *In Re Bailey,* 821 A.2d at 866).

**43.** 832 A.2d 724, 735–736 (Del.2003).

**44.** *In re Doughty,* 832 A.2d at 736; *See also In Re McCann,* 894 A.2d at 1088; *In re Fountain,* 878 A.2d at 1173; *In re Steiner,* 817 A.2d 793, 796 (Del.2003).

**45.** Tr. 21–22.

Respondent simply allowed the tax obligations of his law practice to be given a priority lower than required.

### 2. *Actual or Potential Injury*

The Panel finds that there is no clear and convincing evidence that actual injury occurred to any clients or the public in general. All delinquent taxes have been paid with any interest and penalties.[46]

The ABA standards, however, require that the Board consider any potential injury as well. Given the ability of tax authorities to obtain liens for tax delinquencies with interest and penalties, it is difficult to conceive potential injury to the taxing authorities.

### 3. *Aggravating and Mitigating Circumstances*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanctions to impose.[47]

The Panel finds the there are two aggravating factors as set forth in ABA Standard 9.22:(a) prior disciplinary sanction in the form of Respondent's private admonition for tax delinquencies in 2001, coupled with his failure to implement internal controls to assure no further tax delinquencies occurred and (b) his substantial experience in the private practice of law, having been admitted to the Delaware bar in 1990.

The mitigating factors are as follows:

- Absence of a dishonest or selfish motive and general good character.[48]

- Treatment by anti-anxiety medicine to deal with severe personal, family and emotional problems.[49]

- Expression of remorse and cooperation.[50]

The Board finds that the aggravating factors slightly outweigh the mitigating factors justifying the imposition of a public sanction.

### VII. *BOARD'S RECOMMENDED DISCIPLINE.*

The Board's recommendation of an appropriate sanction assists the Court, but it is not binding.[51] The Court "has wide latitude in determining the form of discipline, and [it] will review the recommended sanction to ensure that it is appropriate, fair and consistent with ... prior disciplinary decisions."[52] Accordingly, the Board must carefully examine prior disciplinary precedent to the extent possible in recommending sanctions.

The decisions relied on by the ODC for the applicability of Rule 8.4(d) to the tax delinquencies, are also the cases cited by the ODC for the sanction.

1) *In re Jeffrey K. Martin.* The sanction imposed was a one-year probation.
2) *In re Andrew J. Witherell.* The sanction imposed was a two-year probation.
3) *In re Bonnie M. Benson.* The sanction imposed was a two-year probation.
4) *In re Suzanne MacPherson–Johnson [Macpherson–Johnson].* The sanc-

---

46. Tr. 35–37.

47. *In re Bailey,* 821 A.2d 851 (Del.2003).

48. ABA Standard § 9.32(b).

49. *In re Landis,* 850 A.2d 291, 293 (Del.2004)

50. ABA § 9.32(m).

51. *In re McCann,* 894 A.2d at 1088; *In re Bailey,* 821 A.2d at 864.

52. *Id.; In re Tonwe,* 929 A.2d at 777. *In re Steiner,* 817 A.2d at 796.

tion imposed was a two-year probation.

ODC, not surprisingly, advocates for the longer two-year probation. Respondent, again not surprisingly, contends that the shorter one-year probation of *Martin* should be imposed. One can argue that *Martin* fixes the current standard for tax delinquency cases since it is the most recent decision.[53] Were it not for Respondent's earlier private admonition for the same offense, we might be persuaded that one-year probation is sufficient. However, given the earlier private admonition for tax delinquencies, we recommend a probation period of eighteen (18) months with a public reprimand.

We are concerned that after the earlier private admonition in 2001, Respondent took no steps, i.e., implementing internal controls, to assure tax delinquencies would not recur. When asked about this by the Panel, Respondent was somewhat evasive.[54] Other than his personal assurances that tax delinquencies will not happen again,[55] we really have nothing else to rely on. The condition of the probation, therefore, is that Respondent implement, to the satisfaction of the ODC, internal accounting controls to assure there is not a third instance of tax delinquencies.

For the foregoing reasons, the Board recommends in this case that the sanction of an eighteen-month probation, with a public reprimand, be imposed along with the condition stated of implementing internal controls, to assure tax delinquencies will not recur.

Panel of the Board of Professional Responsibility

/s/ *Wayne J. Carey*
Wayne J. Carey, Esquire (Chair)

/s/ *Betsy Adams Holden*
Betsy Adams Holden

/s/ *David N. Rutt*
David N. Rutt, Esquire

November 4, 2011

**53.** *Martin* does not really explain its downgrade to a one-year probation from two-years in the earlier cases.

**54.** Tr. 39–41.

**55.** Tr. 30.