In the Matter of Sidney J. CLARK, a Member of the Bar of the Supreme Court of Delaware.

Supreme Court of Delaware.

Feb. 10, 1969.

**506**

James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for the Censor Committee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

This is a disciplinary action against the respondent, Sidney J. Clark, a member of the bar of this Court.

On September 27, 1968, the respondent attempted to resign from the bar. We suspended the respondent from practice and referred the attempted resignation to the Censor Committee of this Court. Upon its recommendation, we refused to accept the resignation because of apparently serious charges of professional misconduct against the respondent.

 Thereafter, pursuant to our direction, the Censor Committee made an investigation and held a hearing upon the several charges of professional misconduct. The Censor Committee has filed its final report finding the respondent guilty of misconduct and recommending disciplinary action. The respondent has filed no exceptions to the Committee's report; therefore, under Rule 32(3) of this Court, it stands confirmed.

Based upon a stipulation of fact entered into by the respondent, the Committee's report recites as findings of fact that the

* Under Rule 33(2) of this Court, the Canons of Professional Ethics adopted by the American Bar Association, as in effect

respondent has used for his own personal purposes funds, in the amount of approximately $100,000, received by him as attorney for and on behalf of several clients; that this was done by him knowingly and intentionally, in violation of his duties as an attorney and fiduciary, without reasonable expectation that the funds could be repaid from the respondent's earnings in the immediate future; that, in thus diverting clients' funds to his own use, the respondent failed to segregate such funds and failed to keep them separately in an escrow account; that instead, he commingled clients' funds with his own funds.

In addition, there is the fact, furnished by counsel at the hearing before this Court upon the report, that the diversion of funds took place over a period of approximately 15 months, from the spring of 1967 to the summer of 1968.

Upon the basis of its findings of fact, the Committee concluded that the respondent "has grossly abused and taken an unconscionable advantage of the confidence reposed in him by several of his clients" in violation of Canon 11 of the Canons of Professional Ethics; * and that "he has failed or refused to uphold the honor and the dignity of the legal profession" in violation of Canon 29.

We accept the findings of fact of the Censor Committee and agree with its conclusions.

 It is the opinion of this Court that only one ultimate conclusion is possible under the circumstances of this case: that the respondent's conduct has been such as to show his moral unfitness to continue in the practice of law.

Accordingly, in the performance of the duty of this Court to protect the public against the lawyer who has proved himself unfit to practice his profession, we have de-

on January 1, 1952, govern the conduct of members of the bar of this State.

cided that the extreme discipline of disbarment must be imposed.

An Order will be entered striking the name of the respondent, Sidney J. Clark, from the roll of attorneys of this Court.

We have given careful consideration to the suggestion of respondent's counsel that the ends of justice and the interests of the public would be best served, under the circumstances of this case, by a suspension rather than a disbarment. We are unable to agree that any discipline less than disbarment is appropriate in this case.