**In re Sidney J. CLARK.**

Supreme Court of Delaware.

Submitted: May 16, 1983.

Decided: June 22, 1983.

Sidney J. Clark, pro se, Wilmington.

Susan C. Del Pesco, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for the Bd. of Professional Responsibility.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

PER CURIAM:

Sidney J. Clark petitions for reinstatement as a member of the Bar of this Court. Petitioner was admitted to the practice of law before this Court in January, 1957. On February 10, 1969 petitioner was disbarred by this Court because he commingled and diverted to his personal use the funds of clients in the approximate amount of $100,-000. *In re Clark,* Del.Supr., 250 A.2d 505 (1969). In 1978 petitioner filed with this Court an application for conditional readmission to the Bar which was denied on July 6, 1979. *In the Matter of Sidney J. Clark,* Del.Supr., 406 A.2d 28 (1979). On July 25, 1980 petitioner filed a second petition for reinstatement to the Bar which was denied by Order dated February 6, 1981. On September 14, 1982 petitioner filed the instant petition for reinstatement.

The first argument we address is petitioner's contention that his due process and equal protection rights were violated in that the Board of Professional Responsibility (Board) submitted a brief, in which it recommended the denial of the petition, without affording petitioner a hearing pursuant to Board Rules. We find this argument to be without merit.

Immediately following petitioner's original request for reinstatement in 1978, this Court appointed a master to take evidence and requested the Board (then known as the Censor Committee) to enter its appear-

ance. The reason this was done was explained by this Court.

"In order to give due consideration to the said petition, it is necessary that all pertinent facts and conclusions of law be fully developed in a proceeding participated in by the petitioner on the one hand, and the Censor Committee of this Court, on the order [sic]". *In the Matter of Clark,* Id. at 29.

When Petitioner reapplied for reinstatement in 1980 this Court ordered him to file an affidavit with supporting documentation stating the ways in which he had complied with the factors outlined in this Court's July 6, 1979 opinion. Following the submission of these materials and this Court's careful and conscientious review of them the petition was denied.[1]

After petitioner filed his instant petition, this Court *sua sponte* contacted the former master and the Clients' Security Trust Fund to ascertain the status of petitioner's indebtedness. Following receipt of this information this Court by letter dated November 15, 1982 established a briefing schedule and requested that the Board participate in the briefing. In this letter the Court requested affidavits concerning petitioner's present financial status, his efforts to make restitution on the outstanding complaints of indebtedness, and his job status and health report during the interim between the Court's February 6, 1981 Order and the date of the instant petition for reinstatement. The Court's purpose in requesting the Board to participate in the instant case was so that this Court could have the assistance of the Board in determining whether petitioner had sufficiently complied with the factors outlined in its 1979 opinion so as to warrant consideration for reinstatement. The Board's role in the instant case was not to act as an independent finder of fact, nor as an adversary of petitioner. Rather the Board's role was as a friend of the Court assisting the Court in its responsibility as the ultimate finder of fact in this case. Indeed that is exactly what the Board's representative, Mrs. Del Pesco, did in the instant case. Mrs. Del Pesco did not conduct an independent inquiry, but rather she investigated the claims and facts that petitioner raised.[2] In that this Court acts as the ultimate finder of fact in the instant case and Mrs. Del Pesco acted as a friend of the Court merely investigating the claims and facts raised by petitioner and not conducting an independent fact finding investigation, the failure of the Board to grant petitioner a hearing did not violate his due process or equal protection rights.

Turning to the merits of petitioner's request for reinstatement we are mindful of what we stated in our 1979 opinion:

"In petitioning for reinstatement to the Bar by one who has been removed from the roll of attorneys of this Court for conduct showing his moral unfitness to continue in the practice of law, the burden upon the petitioner is a heavy one. . . .

It is the duty of the Court in all cases of petitions for reinstatement to act with justice to the profession, the applicant and the public as well, without regard to feelings of sympathy." *Id.* at 30.

■ Our review of petitioner's application and his supporting documents leads us to conclude that our finding in 1981 of insufficient compliance by petitioner with the factors outlined in our Opinion of 1979 must regretfully be reaffirmed. We find no material change in circumstances in terms of petitioner's efforts, or the lack thereof, to meet his burden with respect to restitution as that matter was discussed at length in our 1979 opinion. There have

---

1. By Order dated February 6, 1981, this Court stated, *inter alia,* "it appears that there has been insufficient compliance with the factors outlined in the Court's Opinion of July 6, 1979 during the time period which has elapsed between the July 6, 1979 Opinion and the date of petitioner's second application for reinstatement [July 25, 1980]."

2. While Mrs. Del Pesco did recommend in her brief that the petition be denied, her recommendation was withdrawn at oral argument.

been attempts to borrow money to make repayments, discussion of payment of less than all that was taken, and negotiations in which one of the victims was asked to accept unsecured notes on which payments were to be thereafter made. However, the record shows that during the fourteen years since he was disbarred, petitioner has made no diligent effort to actually repay any of the sums taken from his victims. (There was one twenty-five dollar payment.) While we are mindful that petitioner has been a good citizen in many ways, that he is now in ill health, and that his income has been limited, we still find no substantial change since his last petition in the situation which he created by his misappropriation of funds. Under the circumstances, we find inadequate justification for granting readmission at this time.

NOW, THEREFORE, IT IS ORDERED that the Petition be and it hereby is

DENIED.