**In the Matter of a Member of the Bar of the Supreme Court of Delaware: Louis P. AGOSTINI, Jr.**

Supreme Court of Delaware.

Submitted: Oct. 8, 1993.
Decided: Oct. 28, 1993.

Louis P. Agostini, Jr., pro se.

David C. Johnson–Glebe, Deputy Disciplinary Counsel for Board on Professional Responsibility, Wilmington.

Before VEASEY, C.J., HORSEY, and HOLLAND, JJ.

PER CURIAM:

This is a Disciplinary Proceeding. A panel of the Board on Professional Responsibility ("Board") [1] was convened to consider charges of professional misconduct against the Respondent, Louis P. Agostini, Jr. ("Agostini"). Bd.Prof.Resp.R. 9(d). The Board recently issued a final report to this Court ("Report").

On November 27, 1992, this Court suspended Agostini from the Delaware Bar on an interim basis. The record reflects that Agostini subsequently entered a plea of guilty to one count of Felony Theft. 11 *Del.C.* § 841. The factual basis for that guilty plea included Agostini's admission that he had feloniously converted a client's funds to his personal use. Agostini is presently incarcerated. The Court has concluded that Agostini should be disbarred.

---

1. The Board is an agency of this Court. Supr. Ct.R. 62; *In re Kennedy,* Del.Supr., 472 A.2d 1317, 1318–19 (1984).

## I

The Board's findings of fact and conclusions of law with respect to the underlying charges of professional misconduct are not disputed. Agostini, who was then represented by counsel, filed an answer to the Petition to Discipline admitting every allegation. Agostini, also through counsel, declined to present any evidence to the Board in mitigation of his conduct. Accordingly, the Board found that Agostini's felony conviction, resulting from the theft of a client's funds, constituted a violation of the Delaware Lawyers' Rules of Professional Conduct 8.4(b) (criminal conduct) and 8.4(c) (dishonest conduct). The Board recommended a sanction of disbarment.

## II

 This Court has made a careful and independent review of both the factual findings and the conclusions of law that are set forth in the Board's Report. Our scope of review with regard to the Board's factual findings is to determine whether the record contains substantial evidence to support those findings. *Matter of Higgins*, Del. Supr., 582 A.2d 929, 932 (1990). We review the Board's conclusions of law *de novo*. *Id.* We are satisfied that the record before us supports the findings of fact and the conclusions of law made by the Board in this case. *See id.*

## III

 The inherent and exclusive authority for disciplining members of our Bar is vested in this Court. *In re Green*, Del.Supr., 464 A.2d 881, 885 (1983). The Court has wide latitude in determining the form of discipline to be imposed. *Matter of a Member of the Bar*, Del.Supr., 226 A.2d 705, 707 (1967). In imposing sanctions, the Court is guided by its prior precedents. *See Matter of Christie*, Del.Supr., 574 A.2d 845, 853 (1990). Those prior precedents reflect, *inter alia*, that this Court has cited, with approval, the *ABA Standards for Imposing Lawyer*

Sanctions. See, e.g., Matter of Barrett, Del. Supr., 630 A.2d 652 (1993); Matter of Brewster, Del.Supr., 587 A.2d 1067, 1069–71 (1991); Matter of Higgins, 582 A.2d at 932; Matter of Clyne, Del.Supr., 581 A.2d 1118, 1125 (1990). The relevant *American Bar Association Standard for Imposing Lawyer Sanctions* provides:

4.1 Failure to Preserve the Client's Property

Absent aggravating or mitigating circumstances, upon application of the factors set out in 3.0,[2] the following sanctions are generally appropriate in cases involving the failure to preserve client property:

4.11 Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.

*ABA Standards for Imposing Lawyer Sanctions*, Standard 4.1.

## IV

 Defalcations by members of the Delaware Bar are, fortunately, very infrequent events. See *Delaware Lawyers' Fund for Client Protection, Twenty–Fifth Anniversary Report* (1993). The misappropriation of a client's funds is one of the most egregious acts of professional misconduct that an attorney can commit. *Matter of Higgins*, 582 A.2d at 932. The intentional conversion of a client's property to one's own use has always resulted in disbarment by this Court. *See, e.g., id.; Matter of Sullivan*, Del.Supr., 530 A.2d 1115, 1117–19 (1987); *Matter of England*, Del.Supr., 421 A.2d 885, 887 (1980); *In re Clark*, Del.Supr., 250 A.2d 505, 506 (1969).

 Members of the Delaware Bar, as officers of this Court, are expected to respect and uphold the law. *Matter of Brewster*, 587 A.2d at 1070. Disciplinary proceedings serve: to protect the public; to foster public confidence in the Bar; to preserve the integrity of the profession; and to deter other lawyers from similar misconduct. *Id.* We have determined that the interests of the

---

**2.** The factors set forth in Standard 3.0 are as follows: "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the

existence of aggravating or mitigating factors." *ABA Standards for Imposing Lawyer Sanctions,* Standard 3.0.

public and the Bar would all be served if, as a result of his defalcation, Louis P. Agostini, Jr. is disbarred. *See id. Accord ABA Standards for Improving Lawyer Sanctions,* Standard 4.11.

Therefore, IT IS ADJUDGED and ORDERED, pursuant to this Court's exclusive jurisdiction over the Delaware Bar, that Louis P. Agostini, Jr. be disbarred. His name shall be immediately stricken from the Roll of Attorneys entitled to practice before the courts of this State. This Opinion is to be disseminated by Disciplinary Counsel in accordance with Rules 3 and 14 of the Rules of the Board on Professional Responsibility.