In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware: L. Coleman DORSEY, Respondent.

No. 217, 1996.

Supreme Court of Delaware.

Submitted: Sept. 24, 1996.
Decided: Oct. 15, 1996.

Robert D. Goldberg, Biggs and Battaglia, Wilmington, for Respondent.

David Curtis Glebe, Chief Counsel, Office of Disciplinary Counsel, Wilmington, for Office of Disciplinary Counsel.

Before WALSH, HOLLAND, and BERGER, JJ.

PER CURIAM:

In this Disciplinary Proceeding, the Court sits in review of a report of the Board of Professional Responsibility ("Board") directed to charges of professional misconduct against the Respondent, L. Coleman Dorsey ("Dorsey"), a member of the Delaware Bar. The Board proceeding followed Dorsey's plea of guilty in the Superior Court to a charge of felony theft in violation of 11 *Del.C.* § 841, arising from the conversion of clients' funds.

In its report, the Board concluded that Dorsey's conviction for felony theft constituted "a serious crime" under Board Rule 16(c) and was conclusive on the issue of a violation of the Delaware Rules of Professional Conduct. The Board further determined that, despite the presence of substantial mitigating factors, the severity of the misconduct warranted disbarment, which the Board recommended. We agree with the Board's conclusions and the recommendation of disbarment.

I

Dorsey was charged with violating Rule 8.4(b) of the Delaware Lawyers' Rules of Professional Conduct (commission of a criminal act that reflects adversely on a lawyer's honesty and fitness) and Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The charges arose out of a complaint to the Office of Disciplinary Counsel and resulted in Dorsey's interim suspension by this Court on August 9, 1993. *In the Matter of Dorsey,* Del.Supr., No. 281, 1993, 1993 WL 366565 August 9, 1993 (Holland, J.) (ORDER).

■ The Board's findings of fact, in pertinent part, are as follows:

1. L. Coleman Dorsey, Esquire is a member of the Bar of the Supreme Court of the State of Delaware, having been admitted to practice in 1955.

2. At all times relevant, the Respondent was engaged in the private practice of law in the State of Delaware.

3. On or about November 16, 1992, after having received funds at a real estate settlement involving Stephen D. and Lynn P. Wentzell (the Sellers), which were to be remitted by the Respondent to Marine Midland Bank, the Mortgagee, the Respondent failed to remit such funds due to the Mortgagee; the amount of such finds is $184,109.52.

4. From approximately March of 1990 until August of 1993, the Respondent improperly withdrew substantial funds from several trust accounts which he maintained in a fiduciary capacity, and as of this date has not returned such funds to such accounts.

5. In connection with the foregoing acts, the Respondent was criminally charged with multiple violations of Title 11, Section 841 of the Delaware Code (felony theft).

6. On January 11, 1996, on his plea of guilty, the Respondent was convicted of a single count of felony theft in violation of 11 *Del.C.* § 841. The count to which the Respondent pled guilty was premised upon the transactions set forth in Paragraphs Three and Four, *supra*. Respondent was thereafter sentenced to two years incarceration suspended for two years house arrest suspended after one year for one year probation. The sentence was conditioned upon Respondent's agreement to make restitution to all victims of the offense in such amount as to be determined by a presentence investigation.

7. The conviction of felony theft constitutes a "serious crime" under Rule 16(c) and is conclusive on the issue of a violation of the Rules of Professional Conduct.

In rejecting Dorsey's argument that he should be suspended for three years rather than disbarred, the Board made the following conclusions:

11. In reaching the recommendation of disbarment, the Board considers as aggravating factors the serious violation of a fiduciary duty by Respondent, and the fact that approximately $400,000 was misappropriated by Respondent. In addition the Board considers the fact that a substantial portion of the misappropriated funds remains unrepaid to the victims of Respondent's thefts, even after liquidation of his law practice. Finally, the Board is mindful of the observation of the Supreme Court in *Matter of Barrett*, Del.Supr., 630 A.2d 652, 657 (1993) that: "The intentional conversion of a client's property to one's own use has *always* resulted in disbarment by this Court." (emphasis supplied)

12. Balanced against the aggravating factors, the Board considered the following mitigating factors.

13. Respondent has an unchallenged record of public service in this community.

14. Respondent has no prior record of disciplinary proceedings against him.

15. Respondent was treated by Floyd S. Cornelison, Jr., M.D. from 1976 until 1993 for a misdiagnosed case of narcolepsy at a time when Respondent was, in fact, suffering from bipolar disorder and alcohol abuse.

16. Dr. John S. O'Brien is of the opinion that Dr. Cornelison had misdiagnosed and mismanaged Mr. Dorsey's condition during that period of time. Dr. O'Brien, a psychiatrist, is Respondent's treating physician currently.

17. Dr. O'Brien is further of the opinion that the violations of the Rules on Professional Conduct found to have been proven in this case occurred during a time when Respondent suffered from a psychiatric illness as indicated above and that this psychiatric illness "substantially and adversely affected his ability to practice law and carry out his fiduciary responsibilities on behalf of clients."

18. Dr. O'Brien is further of the opinion that as a result of this psychiatric condition, Respondent was "unable to appreciate the nature and quality of his ac-

tions in connection with the alleged offenses and was unable to accurately assess whether or not what he was doing was wrong."

19. Dr. O'Brien is further of the opinion that "had Mr. Dorsey been appropriately diagnosed and treated between 1976 and 1993 he would not have been symptomatic and would not have engaged in the behaviors" which resulted in his criminal conviction and the current ethical violations.

20. Although unrebutted, and given substantial weight by the Board, Dr. O'Brien's opinions were discounted by the Board, in light of the Respondent's guilty plea to and conviction of felony theft.

## II

■■■ The Court has carefully reviewed the record in this case and independently evaluated all of the aggravating and mitigating factors. With respect to the Board's factual findings our task is to determine whether those findings are supported by substantial evidence. *In re Kennedy*, Del.Supr., 472 A.2d 1317, 1326 (1984); *Matter of Reed*, Del.Supr., 429 A.2d 987, 991 (1981). We review the Board's conclusions of law, including its recommendation of sanctions *de novo*. *Matter of Berl*, Del.Supr., 540 A.2d 410, 413 (1988). Since the Board's factual findings are essentially undisputed our task is to focus on the Board's conclusion that the aggravating factors surrounding Dorsey's conduct outweigh the mitigating factors so as to justify disbarment.

We agree with the Board's description of Dorsey's prior history as a member of the Bar. In addition to rendering satisfactory service to his clients, he has devoted himself for many years to civil and legal activities which sought to advance the cause of equality for all persons. We further note that he has no prior disciplinary infractions. His principal contention, both in this Court and before the Board, is that a longstanding misdiagnosed and mistreated mental condition prevented him from appreciating the wrongfulness of a pattern of embezzling clients' funds during the years from 1990 until his suspension in 1993. While the Board appeared to accept the medical evidence which supported the mental illness defense, it could not reconcile that position with Dorsey's guilty plea in which he freely and voluntarily admitted responsibility for his conduct.

Our view of the record raises the same question confronted by the Board. Dorsey's medical condition as diagnosed by his psychiatrist, Dr. William O'Brien would, if accepted, constitute a defense to a charge of theft under Delaware Law. *See Sanders v. State*, Del.Supr., 585 A.2d 117 (1990) (inability to appreciate wrongfulness of one's conduct is a complete defense to criminal charges). While Dorsey is not estopped from raising a mental illness defense before the Board, after declining to do so with respect to the criminal charge, his actions appear inconsistent and serve to weaken the force of that evidence when offered as mitigation.

Dorsey argues before this Court that his conversion of fiduciary funds was the result of a misguided and naive belief that he could secure a higher return for trust beneficiaries through speculative investments. While this explanation, coupled with Dorsey's mental condition, may explain the diversion of fiduciary funds, it does not provide an understandable rationale for his embezzlement of $184,000, representing the Wentzell mortgage payoff for, in part, his personal benefit. While his confused thinking during this time may be viewed as mitigating, the pattern of taking mortgage payoff funds is strong evidence of deliberate wrongdoing during an extended period of time in which, to all outward appearances, he was a functioning practitioner.

■■■ The theft of clients' funds is one of the most serious ethical violations a lawyer can commit. The *ABA Standards for Imposing Lawyer Sanctions*, provides that disbarment is "generally appropriate when a lawyer engages in serious criminal conduct a necessary element of which includes . . . misappropriation, or theft." Section 5.11(a).

Although we have not adopted a *per se* rule, thus far this Court has consistently imposed the sanction of disbarment in situations where the conversion of clients' funds has been established. *In re Clark*, Del.Supr.,

250 A.2d 505 (1969); *Matter of England,* Del.Supr., 421 A.2d 885 (1980); *Matter of Sullivan,* Del.Supr., 530 A.2d 1115 (1987); *Matter of Agostini,* Del.Supr., 618 A.2d 90, 1992 WL 401565 (1992); and *Matter of Priestley,* Del.Supr., 663 A.2d 488, 1995 WL 420799 (1995). While we acknowledge, as did the Board, that Dorsey's mental state may serve to mitigate the degree of culpability, it does not reduce the seriousness of the criminal misconduct present here. Any sanction short of disbarment would not provide the necessary protection for the public or serve as a deterrent to the legal profession.

The recommendation of the Board is accepted and IT IS ORDERED that L. Coleman Dorsey be disbarred from membership in the Delaware Bar. His name shall be immediately stricken from the Roll of Attorneys entitled to practice before the courts of this State.