In the Matter of a Member of the Bar of the Supreme Court Robert E. CAREY, Respondent.

No. 137,2002.

Supreme Court of Delaware.

Submitted: June 19, 2002.
Decided: July 16, 2002.

Charles Slanina, Tybout, Redfearn & Pell, Wilmington, Delaware, for respondent.

Mary M. Johnston, Office of Disciplinary Counsel, Wilmington, Delaware, for Office of Disciplinary Counsel.

BEFORE: VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices (constituting the Court en Banc).

PER CURIAM.

This matter is a disciplinary proceeding. The Court is called upon to review a report of the Board on Professional Responsibility (the "Board") directed to charges of professional misconduct against the Respondent, Robert E. Carey. A hearing was held on December 19, 2001, before a panel of the Board on Professional Responsibility.

On March 18, 2002, the Board issued a Report and Recommendation of Sanction. The Board recommended that the Respondent be suspended for five years. The Office of Disciplinary Counsel ("ODC") objects to the Board's report on the basis that the appropriate sanction, in consideration of all relevant factors, is disbarment. We have concluded that the Respondent must be disbarred.

### Admitted Violations

The Board accepted the Respondent's admissions to: (1) misappropriation of client funds, in an amount in excess of $100,000, for his personal use, in violation of the Delaware Lawyers' Rule of Professional Conduct ("DLRPC") 1.15(a), which provides that a lawyer shall identify and appropriately safeguard client funds; (2) failure to establish a separate interest-bearing account for the net proceeds of the sale of the Miller Estate house, in the amount of $95,950.71, for the period beginning August 28, 1998, in violation of DLRPC 1.15(f), which provides that a lawyer holding client funds must act reasonably to place funds into an interest-bearing account for the benefit of the client; and (3) misappropriation of client funds, in an amount in excess of $100,000, in violation of DLRPC 8.4(c), which provides that it is

professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The Respondent admitted that his conduct was intentional.

### Aggravating and Mitigating Factors

The Board considered the following as aggravating and mitigating factors.[1] In aggravation, the Board found that the Respondent acted with a dishonest or selfish motive. In mitigation, the Board found that: the Respondent had no prior disciplinary record, the Respondent presented evidence of personal and emotional problems, the Respondent had made timely good faith efforts to make restitution and to rectify the consequences of his misconduct, the Respondent had fully and freely disclosed his misconduct and had fully cooperated with the ODC and the Board, and the Respondent had expressed remorse.

### Disbarment Appropriate

The theft of clients' funds is one of the most serious ethical violations a lawyer can commit. The *ABA Standards for Imposing Lawyer Sanctions*, provides that disbarment is generally appropriate when "a lawyer engages in serious criminal conduct, a necessary element of which includes ... misappropriation, or theft."[2] Although we have not adopted a *per se* rule, thus far this Court has consistently imposed the sanction of disbarment in situations where the conversion of clients' funds has been established.[3]

While we acknowledge, as did the Board, that the Respondent presented compelling evidence of personal and emotional problems to explain the circumstances that led to his defalcations, those problems do not justify or reduce the seriousness of his criminal misconduct. In every prior Delaware disciplinary matter in which an attorney has intentionally misappropriated client funds, the attorney has been disbarred.[4] Any sanction other than disbarment would not provide the necessary protection for the public, or serve as a deterrent to the legal profession or pre-

1. *See* ABA Standards for Imposing Lawyer Sanctions Standards 9.2, 9.3 (1991) (amended 1992).

2. ABA Standards for Imposing Lawyer Sanctions Standard 5.11(a).

3. *In re Priestley*, 663 A.2d 488 (Del.1995); *In re Agostini*, 632 A.2d 80 (Del.1993); *In re Sullivan*, 530 A.2d 1115 (Del.1987); *In re England*, 421 A.2d 885 (Del.1980); *In re Clark*, 250 A.2d 505 (Del.1969).

4. *See, e.g., In re Benge*, 783 A.2d 1279 (Del. 2001) (attorney disbarred for conduct including conversion of client property); *In re Maguire*, 725 A.2d 417 (Del.1999) (conduct warranting disbarment included misappropriation of client funds); *In re Greene*, 701 A.2d 1061 (Del.1997) (despite mitigating factors of inexperience in the practice of law, personal and emotional problems relating to drug addiction, eventual cooperation with the ODC, interim rehabilitation, imposition

of other penalties or sanctions, and remorse, attorney disbarred for misappropriation of client funds); *In re Dorsey*, 683 A.2d 1046 (Del.1996) (theft of client funds warranted disbarment); *In re Priestley*, 663 A.2d 488 (Del.1995) (attorney disbarred for intentionally and feloniously committing multiple acts of conversion of client funds); *In re Agostini*, 632 A.2d 80 (Del.1993) (attorney disbarred following felony conviction for theft of client funds); *In re Higgins*, 582 A.2d 929 (Del.1990) (lawyer disbarred for felonious conversion of client funds held in trust); *In re Sullivan*, 530 A.2d 1115 (Del.1987) (disbarment appropriate sanction for commingling and misappropriating clients' funds); *In re England*, 421 A.2d 885 (Del.1980) (disbarment for misconduct including the illegal conversion of client funds for personal use); *In re Clark*, 250 A.2d 505 (Del.1969) (attorney disbarred for converting clients' funds for personal purposes); *In re Hawkins*, 87 A. 243 (Del.Supr.1913) (attorney reinstated after disbarment for embezzlement).

serve the public's trust and confidence in the integrity of the Delaware lawyers' disciplinary process.

NOW, THEREFORE, IT IS ORDERED that Robert E. Carey be disbarred from membership in the Delaware Bar. His name shall be immediately stricken from the Roll of Attorneys entitled to practice before the courts of this State.