PER CURIAM:
The matter before this Court is an attorney disciplinary proceeding. The Board of Professional Responsibility (the “Board”) has filed a Final Report (the “Report”) directed to charges of professional misconduct, against the Respondent Thomas J. Motter. That report is attached hereto and incorporated herein by reference.
The Board recommends the Respondent’s disbarment from the practice of law. The Office of Disciplinary Counsel (the “ODC”) agrees with the Board’s recommendation for disbarment. The Respondent does not dispute the Board’s factual findings, but takes the position that the Board’s recommendation of disbarment is excessive. Because the Board’s factual findings are undisputed, our only task is to consider the appropriateness of the Board’s recommended sanction.[1]
The Delaware Lawyers’ Rules of Professional Conduct are promulgated by this Court to set forth the standards of ethical conduct by which all Delaware lawyers must conform in order to continue to practice law.[2] The lawyer discipline system was not designed to be either penal or punitive in nature.[3] Rather, in deciding upon the appropriateness of a sanction, this Court considers that the purpose of disciplinary proceedings is to protect the public, foster public confidence in the Bar, preserve the integrity of the legal profession and to deter other lawyers from similar misconduct.[4]
The Court, having reviewed and considered the parties’ submissions, concludes that the Report of the Board filed on November 23, 2004, should be approved. The record reflects a pattern of misconduct in which the Respondent for five consecutive years failed to file and pay taxes, failed to maintain books and records, failed to indicate deficiencies on certificates of compliance and caused injury to three clients in separate Family Court matters. The appropriate sanction in this case is disbarment.
It is hereby ordered that the Respondent be disbarred from membership in the Delaware Bar. His name shall be immedi *620 ately stricken from the Roll of Attorneys entitled to practice before the courts of this State. Within ten days of this opinion, the Respondent is ordered to comply with Rule 23(a) of the Delaware Lawyers’ Rules of Disciplinary Procedure. Immediately thereafter, the Respondent shall file an affidavit with this Court indicating his compliance with Rule 23(a), as required by Rule 23(b). The ODC is directed to publicly disseminate information relating to this disciplinary proceeding, as required by Rule 14. The Respondent shall not petition for restatement until after the expiration of five years from the effective date of disbarment, as required by Rule 22(c). This matter is hereby closed.

. In re Spiller, 788 A.2d 114, 116 (Del.2001) (citing In re Dorsey, 683 A.2d 1046, 1048 (Del.1996)).

. In re Member of the Bar, 257 A.2d 382, 383 (Del.1969).

. In the Matter of Rich, 559 A.2d 1251 (Del.1989).

. In re Figliola, 652 A.2d 1071, 1076 (Del.1995) (citing In re Agostini, 632 A.2d 80, 81 (Del.1993)).