In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware: William L. GARRETT, Jr., Respondent.

No. 396, 2006.

Supreme Court of Delaware.

Submitted: Sept. 20, 2006.
Decided: Oct. 5, 2006.

William L. Garrett, Jr., pro se.

Michael S. McGinniss, Office of Disciplinary Counsel, Wilmington, DE.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

PER CURIAM:

This is an attorney disciplinary matter directed to charges of professional misconduct against William L. Garrett, Jr. The charges stem from Garrett's misappropriation of client funds and his failure to identify a bank account as a law practice account. The Board of Professional Responsibility ("Board") recommends that Garrett be disbarred. Garrett has not filed any objections to the Board's report.

### Alleged Ethical Violations

Garrett was charged with four violations of the Delaware Rules of Professional Conduct ("DLRPC"): (i) failure to safeguard property of clients and third persons by misappropriating client trust funds in violation of DLRPC Rule 1.15, (ii) dishonest conduct by misappropriating client funds in violation of DLRPC Rule 8.4(c), (iii) dishonest conduct by filing certificates of compliance with the Delaware Supreme Court in 2001 and 2002 that failed to identify an account as a law practice account in violation of DLRPC 8.4(c), and (iv) conduct prejudicial to the administration of justice

by failing to identify a bank account as a law practice account in violation of Rule 8.4.

Garrett is currently suspended from the practice of law for three years, effective October 29, 2003. A bifurcated hearing was conducted by the Board on April 26, 2006. The Board made findings of facts and conclusions of law.

### Board Findings and Conclusions

Garrett represented Mrs. Vaughn in a real estate refinance transaction. Garrett did not deliver the proceeds check to Mrs. Vaughn from the refinancing for some time. When Garrett finally delivered a check to Mrs. Vaughn, the check was returned for insufficient funds. When the receivers took over Garrett's practice, there were insufficient funds in the receivership account to pay Mrs. Vaughn. The title company that provided title insurance ultimately paid the mortgages and the proceeds to Mrs. Vaughn.

Garrett also represented Mr. Ramsey in a real estate transaction. Due to an issue regarding a septic system, Ramsey told Garrett to hold $25,000 in escrow until the matter was resolved. Garrett transferred the $25,000 from his real estate escrow account into his client escrow account to cover a check for $14,450.00 written on that account.

It appears that Garrett's operating account was often overdrawn, and he fre-quently took money from the real estate escrow account to cover the deficiency. When the receivers took over, there was a net shortage in Garrett's escrow accounts in the amount of $67,037.77.[1] The misappropriations were made by ATM, checks to credit card companies, checks to Garrett himself, and web transfers by Garrett from the real estate escrow account to other accounts.[2]

The Board found that the above acts violated DLRPC 1.15, failure to safeguard property of clients and third persons by misappropriating client trust funds and DLRPC 8.4(c), dishonest conduct by misappropriating client funds.

Garrett also failed to disclose the existence of an account in 2001 and 2002 to the Delaware Supreme Court in his Certificates of Compliance. Garrett named the account the "William L. Garrett, Jr. Special Account." Garrett transferred a total of $12,393.02 from this account into his Attorney Operating Account to cover shortages. As a result, the Board found that Garrett violated Rule 8.4(c), dishonest conduct by filing Certificates of Compliance with the Delaware Supreme Court that failed to identify an account as a law practice account and DLRPC 8.4, conduct prejudicial to the administration of justice.

### Board Recommends Disbarment

 The Board in this case recommends the most serious sanction of disbar-

---

1. Garrett misappropriated a total of $119,590.02, but from time to time, made deposits into the real estate escrow account. The deposits total $52,552.25, leaving a net shortage of $67,037.77.

2. The withdrawals from Garrett's real estate escrow account were made as follows: Garrett wrote 30 checks payable to himself totaling $23,940.00 with "Smith—Fee(s)" or "Smith" or "Smith—98" or nothing written in the memo field. Ms. Freeberry, co-receiver of Garrett's law practice, was unable to find

any client named "Smith" or any corresponding deposits related to "Smith." Garrett also made 37 ATM and bank card withdrawals totaling $10,904.45, four payments to a Providian Credit Card totaling $4,500.00, three checks payable to himself totaling $6,000.00, 27 web transfers from the real estate escrow account into other accounts totaling $38,000 and Debit memo transfers from the real estate escrow account to his Attorney Operating Account totaling $11,245.57.

ment. The Board's recommendation is helpful to the Court, but it is not binding.[3] When determining an appropriate sanction for lawyer misconduct, this Court "looks to the ABA Standards for Imposing Lawyer Sanctions as a model for determining the appropriate discipline warranted under the circumstances of each case."[4] The ABA's four factors to consider include "(a) the ethical duty violated; (b) the lawyer's mental state; (c) the extent of the actual or potential injury caused by the lawyer's misconduct; and (d) aggravating and mitigating factors."[5]

The Board found that Garrett violated three ethical duties, for which the ABA recommends disbarment.[6] In addition, the Board found that Garrett acted intentionally when he misappropriated funds and failed to make the required disclosures in his Certificates of Compliance. Further, both Mrs. Vaughn and the title company suffered actual harm as a result of his conduct. Finally, the Board found several aggravating factors present and no mitigating factors.

### Disbarment Appropriate Sanction

■ The theft of clients' funds is one of the most serious ethical violations a lawyer can commit. The *ABA Standards for Imposing Lawyer Sanctions* provides that disbarment is generally appropriate when "a lawyer engages in serious criminal conduct, a necessary element of which includes ... misappropriation, or theft."[7] Although we have not adopted a *per se* rule, this Court has consistently imposed the sanction of disbarment in situations where the conversion of clients' funds has been established.[8] In fact, in every prior Delaware disciplinary matter in which an attorney has intentionally misappropriated client funds, the attorney has been disbarred.[9] In Garrett's case, we again con-

3. *In re Froelich*, 838 A.2d 1117, 1120 (Del. 2003).

4. *In re Bailey*, 821 A.2d 851, 866 (Del.2003).

5. *Id.*

6. The Board found that Garrett (1) failed to preserve the client's property in violation of ABA Standard § 4.1, (2) failed to maintain personal integrity in violation of ABA Standard § 5. 1, and (3) violated duties owed as a professional as set forth in ABA Standard § 7.0.

7. *ABA Standards for Imposing Lawyer Sanctions* 5.11(a).

8. *In re Priestley*, 663 A.2d 488 (Del.1995); *In re Agostini*, 632 A.2d 80 (Del.1993); *In re Sullivan*, 530 A.2d 1115 (Del.1987); *In re England*, 421 A.2d 885 (Del.1980); *In re Clark*, 250 A.2d 505 (Del.1969).

9. *See, e.g., In re Carey*, 809 A.2d 563 (Del. 2002) (attorney disbarred for intentionally misappropriating client funds); *In re Benge*, 783 A.2d 1279 (Del.2001) (attorney disbarred for conduct including conversion of client property); *In re Maguire*, 725 A.2d 417 (Del. 1999) (conduct warranting disbarment included misappropriation of client funds); *In re Greene*, 701 A.2d 1061 (Del.1997) (despite mitigating factors of inexperience in the practice of law, personal and emotional problems relating to drug addiction, eventual cooperation with the ODC, interim rehabilitation, imposition of other penalties or sanctions, and remorse, attorney disbarred for misappropriation of client funds); *In re Dorsey*, 683 A.2d 1046 (Del.1996) (theft of client funds warranted disbarment); *In re Priestley*, 663 A.2d 488 (Del.1995) (attorney disbarred for intentionally and feloniously committing multiple acts of conversion of client funds); *In re Agostini*, 632 A.2d 80 (Del.1993) (attorney disbarred following felony conviction for theft of client funds); *In re Higgins*, 582 A.2d 929 (Del. 1990) (lawyer disbarred for felonious conversion of client funds held in trust); *In re Sullivan*, 530 A.2d 1115 (Del.1987) (disbarment appropriate sanction for commingling and misappropriating clients' funds); *In re England*, 421 A.2d 885 (Del.1980) (disbarment for misconduct including the illegal conversion of client funds for personal use); *In re Clark*, 250 A.2d 505 (Del.1969) (attorney disbarred for converting clients' funds for personal purposes); *In re Hawkins*, 87 A. 243 (Del.Su-

clude that any sanction other than disbarment would not provide the necessary protection for the public, serve as a deterrent to the legal profession, nor preserve the public's trust and confidence in the integrity of the Delaware lawyers' disciplinary process.

NOW, THEREFORE, IT IS ORDERED that William L. Garrett, Jr. be disbarred from membership in the Delaware Bar. His name shall be immediately stricken from the Roll of Attorneys entitled to practice before the courts of this State.

per.1913) (attorney reinstated after disbarment for embezzlement).